

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-17-2006

# USA v. Laureano

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2078

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Laureano" (2006). *2006 Decisions.* Paper 1745.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1745

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-2078

———

UNITED STATES OF AMERICA

v.

ORLANDO LAUREANO,

*Appellant*

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 1:04-CR-103)
District Judge: Honorable Yvette Kane

———

Argued December 15, 2005

Before:  SLOVITER, SMITH, and VAN ANTWERPEN, Circuit Judges.

(Filed:  January 17, 2006)

Kent D. Watkins
101 South Second Street
Saint Clair, PA  17970
        *Counsel for Appellant*

Thomas A. Marino, United States Attorney
Theodore B. Smith, III, Assistant U.S. Attorney (Argued)
Office of the United States Attorney
228 Walnut Street
Harrisburg, PA  17108
        *Counsel for Appellees*

OPINION OF THE COURT
___

VAN ANTWERPEN, <u>Circuit Judge</u>.

Appellant Orlando Laureano challenges the legality of his sentence in the United States District Court for the Middle District of Pennsylvania, claiming the District Court erred by assigning him an additional criminal history point for a prior conviction under 75 Pa. C.S. § 3809, which prohibits possession of an open alcoholic container or consumption of a controlled substance or alcoholic beverage in a motor vehicle on a Commonwealth highway. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and will affirm.

I.

The District Court added one criminal history point to Laureano's sentencing guidelines calculation for a prior, unrelated October 21, 2003 conviction under 75 Pa. C.S. § 3809, wherein Laureano had pled guilty to operating a motor vehicle while possessing an open 22-ounce bottle of "Silver Thunder" malt liquor. Laureano's sentence for that conviction was a fine and costs totaling $217. On appeal, he argues that 75 Pa. C.S. § 3809 is, or is sufficiently similar to, a minor traffic infraction, public intoxication, or a local ordinance violation, such that it must be excluded from his guidelines calculation pursuant to U.S.S.G. § 4A1.2(c).

II.

"The courts of appeals review sentencing decisions for unreasonableness," *United States v. Booker*, 543 U.S. ___, ___, 125 S. Ct. 738, 767 (2005), and we review a district court's legal interpretation of the now-advisory United States Sentencing Guidelines *de novo*. *See, e.g., United States v. Irwin*, 369 F.3d 284, 285 n.2 (3d Cir. 2004). Laureano and the government agree, correctly, that he timely objected to the additional criminal history point both at the time of his presentence report and at the time of his sentencing. Accordingly, Laureano properly preserved the issue on appeal.

III.

We begin with U.S.S.G. § 4A1.2(c), which provides a default rule in pertinent part:

> (c) Sentences Counted and Excluded
>
> . . . . Sentences for misdemeanor and petty offenses are counted, except as follows:
>
> (1)  Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of at least one year or the term of imprisonment was at least thirty days, or (B) the prior offense was similar to an instant offense:
>> . . .
>> Local ordinance violations (excluding local ordinance violations that are also criminal offenses under state law)
>> . . .
>
> (2) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are never counted:
>> . . .
>> Minor traffic infractions (*e.g.,* speeding)
>> Public intoxication
>> . . .

U.S.S.G. § 4A1.2(c). Next, although not cited by either party in their respective briefs, we turn to our decision in *United States v. Elmore*, 108 F.3d 23 (3d Cir. 1997). In that § 4A1.2(c) case, we declined an invitation to "inquire into 'all possible factors of similarity[]'" in determining whether an unlisted offense is 'similar' to a listed offense for the purposes of Guidelines section 4A1.2(c)(1)." *Elmore*, 108 F.3d at 27 (citation omitted). Instead, we adopted the approach of the Court of Appeals for the First Circuit, holding the proper methodology for analyzing § 4.A1.2(c) challenges should "focus only upon the elements of the offenses as statutorily defined." *Id.*; *see also United States v. Unger*, 915 F.2d 759, 762-63 (1st Cir. 1990). In so holding, we also rejected the argument that we "must look to the defendant's actual conduct to determine whether it constituted an excluded offense." *Elmore*, 108 F.3d at 26.

With both § 4A1.2(c) and *Elmore* in mind, the question whether 75 Pa. C.S. § 3809 is excludable under one of the exceptions to § 4A1.2(c)'s default rule resolves itself as follows. Here, as a threshold matter, § 4A1.2(c)(1)(A) is plainly inapplicable, as Laureano was neither imprisoned nor placed on probation pursuant to his conviction under § 3809. The only issue, then, is whether § 3809 is sufficiently similar to one of the enumerated offenses under subsections (c)(1) or (c)(2) to warrant exclusion.

75 Pa. C.S. § 3809 states in pertinent part:

> (a) General rule.– . . . [A]n individual who is an operator or an occupant in a motor vehicle may not be in possession of an open alcoholic beverage container or consume a controlled substance as defined in . . . The Controlled Substance, Drug, Device, and

4

Cosmetic Act, or an alcoholic beverage in a motor vehicle while the motor vehicle is located on a highway in this Commonwealth.

. . .

(c) Penalty.–An individual who violates this section commits a summary offense.

75 Pa. C.S. § 3809.[1]

While we are not unmindful that the criminal history point at issue here represented to Laureano the difference between being subject to a guideline range of 24 to 30 months (with the additional point) instead of 18 to 24 months (without), the plain language of these statutory provisions compels us to conclude that the District Court did not err in reading § 4A1.2(c) and 75 Pa. C.S. § 3809 as it did. Under § 4A1.2(c)'s default rule, the past conviction is to be counted absent grounds for exclusion, and we agree with the government that such grounds are lacking with respect to § 3809.

As to Laureano's public intoxication contention, we find that our methodology as articulated in *Elmore* compels our conclusion. Pennsylvania's public intoxication statute, 18 Pa.C.S. § 5505, states in pertinent part:

§ 5505. Public drunkenness and similar misconduct

A person is guilty of a summary offense if he appears in any

---

[1] Under Pennsylvania law, an offense is a summary offense if "(1) [i]t is so designated in this title, or in a statute other than this title; or (2) [i]f a person convicted thereof may be sentenced to a term of imprisonment, the maximum which is not more than 90 days." 18 Pa. C.S. § 106(c). However, 75 Pa. C.S. § 6502(c), which describes penalties under the Vehicle Code, specifically states that Title 18 is inapplicable "insofar as it relates to fines and imprisonment for convictions of summary offenses." Thus, under the Vehicle Code, an open container violation is punishable by a fine, but not imprisonment.

> public place manifestly under the influence of alcohol or a controlled substance . . . to the degree that he may endanger himself or other persons . . . or annoy persons in his vicinity.

18 Pa.C.S. § 5505. As set forth above, § 3809, in contrast, states in pertinent part:

> . . . [A]n individual who is an operator or an occupant in a motor vehicle may not be in possession of an open alcoholic beverage container or consume a controlled substance . . . or an alcoholic beverage in a motor vehicle while the motor vehicle is located on a highway in this Commonwealth.

Plainly, the elements of these offenses are dissimilar. Section 5505 requires presence in a "public place"; § 3809 requires presence in a "motor vehicle." Section 5505 requires a "manifest[]" showing that one is "under the influence"; § 3809 requires only a showing of possession or consumption. Section 5505 requires "endanger[ment]" or "annoy[ance]"; § 3809 does not. Given the dissimilarity of § 3809 and § 5505, we reject Laureano's public intoxication argument.

Although *Elmore*'s element-by-element approach fits neatly when we consider whether Laureano's prior conviction is similar to public intoxication, *Elmore*'s analysis is not as easily applied to the items listed in § 4A1.2(c). Local ordinance violations are not specific offenses and do not have "elements." Rather, they are a category of offenses.

That said, a definitional approach, which we apply to Laureano's local ordinance argument, is nonetheless consistent with *Elmore*. As to Laureano's local ordinance contention, we observe that the presence of a motor vehicle "on a highway in this Commonwealth" is one of § 3809's three elements. Because § 3809 reaches all of the highways of the Commonwealth, the provision is, by virtue of its element of geographic scope, fundamentally unlike a local ordinance.

6

Any doubt as to this dissimilarity is removed, we believe, upon observation of Section 3809's place of codification. Section 3809 resides not in Chapter 33 of Pennsylvania's Vehicle Code, which is entitled "Rules of the Road in General," but rather in Chapter 38 of that Code, entitled "Driving After Imbibing Alcohol or Utilizing Drugs." While this does not speak directly to § 3809's elements vis-a-vis Laureano's claim that § 3809 is merely a local ordinance by another name, the legislature's placement of the statute in Chapter 38 strongly suggests its intent to classify the offense as something more than a violation of a local ordinance — not only with respect to the risk of danger posed by the prohibited conduct, which is something we may not strictly consider under *Elmore* — but also as to the legislature's desired geographic scope for § 3809. This is because 75 Pa.C.S. § 3101(b) makes clear that all of the offenses enumerated in Chapter 38 cannot be considered local. *See id.* (stating that all "[s]erious traffic offenses" including those in "Chapter 38 relating to driving after imbibing alcohol or utilizing drugs[] shall apply upon highways and trafficways *throughout* this Commonwealth") (emphasis added). Given both § 3809's elements as well as its codification grouping, we reject Laureano's local ordinance argument as well.[2]

Accordingly, we will affirm the March 28, 2005 sentence of the District Court.

---

[2] Laureano asserted at argument that § 3809 is also similar to a "[m]inor traffic infraction[]." § 4A1.2(c)(2). Review of Laureano's brief confirms the argument is waived. *See, e.g., United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal."). Even were this not so, our review would be for plain error, since Laureano did not raise this argument below. *See* Fed. R. Crim. P. 52(b). Because we have not previously spoken on this issue, the District Court did not plainly err. *See, e.g., United States v. Vazquez*, 271 F.3d 93, 100 (3d Cir. 2001) (*en banc*) (error is plain only where proper course is "clear under current law") (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)).